UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN FARMER,<br>    Plaintiff, | :<br>:<br>: | CASE NO. 3:16-cv-1069 (VAB) |
| v. | :<br>: | |
| JUDICIAL BRANCH, et al.,<br>    Defendants. | :<br>:<br>:<br>: | AUGUST 22, 2016 |

**ORDER**

Plaintiff, John Farmer, currently incarcerated at the Osborn Correctional Institution, filed this complaint pro se under 42 U.S.C. § 1983, on June 28, 2016.  Mr. Farmer's motion to proceed *in forma pauperis* was granted on July 19, 2016.  The defendants are the Connecticut Judicial Branch, Judge Frank D'Adabbo and Attorney Claude Chong.  Mr. Farmer challenges his conviction and sentence on the grounds of ineffective assistance of counsel and improper jury instructions.  *See* ECF No. 1 at 7.  Mr. Farmer seeks damages from the defendants.

I.    Standard of Review

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  In reviewing a pro se complaint, the Court must "liberally construe [the] pleadings," and interpret the complaint to "raise the strongest arguments it suggests."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*,

623 F.3d 90, 101-03 (2d Cir. 2010) (discussing special solicitude that courts ought to show to pro se litigants).  Although detailed allegations are not required, the complaint must still include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007).  Conclusory allegations are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.

II.   Factual Allegations

On February 17, 2006, Mr. Farmer was found guilty at trial in New Britain Superior Court.  Subsequently, he was sentenced to the statutory maximum sentence of twenty years.  Mr. Farmer now alleges that Attorney Chong advised him to proceed to trial without ensuring he understood his maximum exposure if he were found guilty.  He further alleges that, during the trial, exculpatory evidence was brought to Attorney Chong's attention but not used.  Finally, Judge D'Adabbo allegedly permitted this violation of Mr. Farmer's rights to occur.  He allegedly sentenced Mr. Farmer to a total term of imprisonment of twenty years, despite Mr. Farmer bringing his confusion and Attorney Chong's misrepresentations to the court's attention.  Mr. Farmer also alleges that Judge D'Adabbo improperly failed to give a Salamon[1] instruction to the jury regarding a kidnapping.  ECF No. 1 at 7.

III.   Discussion

Defendants are Public Defender Claude Chong and the Connecticut Judicial Branch, in

---

[1] *State v. Salamon*, 949 A.2d 1092 (Conn. 2008).

2

particular, the New Britain Superior Court, Judge Frank D'Adabbo.

As a judicial officer, Judge D'Adabbo is protected by judicial immunity.  Judges are immune from suit, not just from the ultimate assessment of damages.  *See Mirales v. Waco*, 502 U.S. 9, 11 (1991).  Judicial immunity applies even if "the action [the judge] took was in error, was done maliciously, or was in excess of his authority."  *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)); *see also Heath v. Justices of Supreme Court*, 550 F. App'x 64 (2d Cir. 2014) (summary order) ("Judges when acting in a judicial capacity, are entitled to absolute immunity" (internal quotation marks omitted)).  Judicial immunity is overcome in only two situations.  A judge is not immune from suit for actions "not taken in [his] judicial capacity" or for actions that are judicial in nature but "taken in the complete absence of all jurisdiction."  *See Mirales*, 502 U.S. at 11-12.  "[T]he Supreme Court has generally concluded that acts arising out of, or related to, individual cases before the judge are considered judicial in nature."  *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009).  The allegations against Judge D'Adabbo concern actions taken during a state criminal trial and sentencing.  Thus, neither exception applies.  Judge D'Adabbo is immune from suit.  All claims against defendant D'Adabbo are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Attorney Chong is a state public defender.  To state a section 1983 claim, Mr. Farmer must allege that his constitutional or federally protected rights were violated by a person acting under color of state law.  A person acts under color of state law when he both exercises "some right or privilege created by the State" and is "a person who may fairly be said to be a state actor."  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  A "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

3

defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).  As Attorney Chong is not a state actor, there is no legal basis for a section 1983 claim against him.  All claims against Attorney Chong are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Connecticut Judicial Branch, New Britain Superior Court is the final defendant.  State agencies, however, are not considered persons within the meaning of section 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that state agency and its officials are not persons within the meaning of section 1983); *Ajamian v. New York*, No. 1:13-cv-1316(MAD)(TWD), 2014 WL 3928448, at *6 (N.D.N.Y. Aug. 11, 2014) ("The Second Circuit has held that it is quite clear that the Appellate Division is not a person within the meaning of 42 U.S.C. § 1983." (quoting *Zuckerman v. Appellate Div., Second Dep't*, 421 F.2d 625, 626 (2d Cir. 1970)).  As the state court is not a person, any section 1983 claim against it necessarily fails and is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1) The complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (b)(2).

(2) **The Clerk** is directed to enter judgment and close this case.

(3) In light of the dismissal of this action, Mr. Farmer's motions for appointment of counsel [**ECF Nos. 3, 10**] are **DENIED** as moot.

**SO ORDERED** at Bridgeport, Connecticut, this 22nd day of August 2016.

     /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge